EDWARD C. MATTHEWS v. WILLIAM ROBERTS, junior.

A former decree pleaded in bar need not appear to have been between precisely the same parties with the one to which it is pleaded, but it must always appear to have been for the same subject matter.

If the defendant has a substantial defence which cannot avail him under his plea, from inaccuracy in pleading, he may claim the full benefit of such defence by his answer.

THE bill sought relief against an erroneous return made by the sheriff of the county of Essex, to an execution issued out of the court of chancery. The execution was returned by the sheriff, endorsed, "Satisfied without sale." The bill charged, that the return was made erroneously and through mistake, and that the execution remained unsatisfied; and prayed that the said return might be amended or stricken out, and that another execution might be issued, to raise the amount remaining due the complainant. To this bill, Roberts, one of the defendants, filed a plea. The nature of the defence appears in the opinion of the chancellor.

The defendant, *pro se*, cited 1 *Harr. Ch. Prac.* 253; 1 *Eq. Ca. Abr.* 39; 3 *Atkyns*, 626; 2 *John. Chan. R.* 443; 1 *Harr. Ch. Prac.* 18; 2 *Vern.* 691, 764; 1 *P. W.* 496; 1 *Vesey*, 123; 4 *Vesey*, 421; *Saxton*, 110; *Rev. Laws*, 269, s. 2; 13 *Wend.* 511; *Saxton*, 364; 3 *John. Chan. R.* 398.

*O. S. Halsted*, contra.

THE CHANCELLOR. A decree was entered in this court on the 8th of April, 1826, in a suit wherein David Maxwell and

[Matthews v. Roberts.]

Elias Crane were complainants, and William Christie and others defendants, for the sale of certain mortgaged premises, to satisfy, first, George Dixey, administrator of Abigail Vergereau, one thousand six hundred and eighty-five dollars and thirty-five cents, the amount of two mortgages which she held, one made by William Christie, bearing date the 11th of April, 1811, and the other by William Christie and wife, bearing date the 16th of April, 1811, with costs; and in the second place, to satisfy the complainants in that suit five hundred and sixty-nine dollars and thirteen cents, the amount of a mortgage given by William Christie to the said complainants, bearing date the 16th of July, 1823, with costs. The present bill charges, that execution was issued on said decree to the sheriff of the county of Essex, who returned the same "satisfied without sale." This return is alleged to be a mistake in the sheriff, undesignedly made, and that in truth the debt due Dixey, as ascertained by that decree, was not paid, and remains still unsatisfied. Dixey, on the 31st of October, 1826, assigned this decree, so far as his interest was concerned, to William S. Sears, who, on the 13th of November, 1835, made a further assignment of the decree to the complainant in this cause, and who now seeks to have the mistake in the sheriff's return corrected, and to have execution for his money.

To this bill the defendant in person has filed a plea, and the cause is set down on the bill and plea. That plea alleges, that before the present bill was filed, to wit, on the 20th of November, 1827, William S. Sears, as complainant, filed a bill in this court against the defendant and one Joseph Ogden, for the same matters, and to the same effect, and for the like relief and purpose, as the present complainant, in his character of assignee of Sears, seeks in this action. That such proceedings were had in that suit, that the following decree was entered in this court:—

"Between William S. Sears, complainant, and William Roberts, jun. and Joseph Ogden, defendants. Upon reading and filing the petition of William Roberts, jun., one of the defendants in this cause, it appearing to the court that the bond and mort-

gage mentioned in the complainant's bill of complaint, executed by the said William Roberts, junior, to the said William S. Sears, bearing date the seventh day of October, in the year of our Lord one thousand eight hundred and twenty-six, to secure unto the said William S. Sears, on or before the seventh day of October, in the year of our Lord one thousand eight hundred and twenty-seven, the payment of the sum of two thousand dollars, with interest thereon at seven per cent, payable semi-annually, have been decreed by the court of appeals in the last resort in all causes of law and in equity, to be usurious and utterly void. It is thereupon, on this sixteenth day of April, in the year of our Lord one thousand eight hundred and thirty-five, ordered, on motion of Henry W. Green, of counsel with the said William Roberts, junior, that the said bond and mortgage be delivered up to be cancelled."

This suit and this decree the defendant pleads in bar of this action. The plea is clearly defective, and must be overruled. While it is stated as a general allegation, that the suit pleaded was for the same matters embraced in this action, yet when the decree is recited it appears to have been on another matter altogether. Although a former decree pleaded in bar need not appear to have been precisely between the same parties with the one to which it is pleaded, it must always appear to have been for the same subject matter.

This bill seeks to correct a mistake in the sheriff's return, while the decree stated in the plea shows that a certain bond and mortgage for two thousand dollars, made by Roberts to Sears, and bearing date the 7th of October, 1826, was declared usurious and void, and ordered to be cancelled. The plea on its face shows that the subject matter of the two suits are not at all the same, and therefore the one can be no bar to the other. The bond and mortgage declared void, is not the same with the one on which the decree in this suit was entered, either in date, amount, or parties. How then can any decree respecting those instruments be set up as a bar to this action? There is no averment in the plea that the former decree, or the bond and mort-

gage on which the same is founded, were ever in any way merged in those stated in the plea, or that they have any connection with each other.   From an intimation in the briefs furnished me, I should be led to suppose that the bond and mortgage set out in the plea were taken as additional security for the same debt with the decree set out in the bill, still the one may be tainted with usury and the other not, or they may be all tainted ; it will depend on the contract.   What the facts are do not appear, and therefore that question cannot now be decided.

Does this plea state on its face any matter, which if true, would be a bar to this action ?   This is the only question now to be settled.   As the plea is drawn, it can have no such effect.   If the defendant has a substantial defence which cannot avail him from the inaccurate manner in which his plea is drawn, I am relieved by the consideration that he may claim the full benefit of it by answer.

The plea must be overruled with costs, and the defendant allowed forty days to answer.

Order accordingly.